F. HOFFMAN & SONS, Inc., v. H. B. HUNTER CO., Inc.

Court of Appeals of District of Columbia.

Submitted January 12, 1928. Decided March 5, 1928.

No. 2016.

Trade-marks and trade-names and unfair competition ⬤⟿45½—Registration of "CHOCO" as trade-mark for soft drinks will be canceled as confusingly similar to "Choco-Sip."

One producing nonalcoholic, maltless, carbonated beverages, sold as soft drinks under trade-mark "Choco-Sip," *held* entitled to have cancellation of registration of trade-mark "CHOCO" on substantially identical goods, on ground that marks were confusingly similar.

Appeal from the Commissioner of Patents.

Suit by F. Hoffman & Sons, Inc., against the H. B. Hunter Company, Inc., to secure the cancellation of the registration of a trade-mark. From the decision of the Commissioner, reversing that of the Examiner of Interferences, and refusing cancellation, plaintiff appeals. Reversed.

D. U. Rich and C. R. Allen, both of Washington, D. C., for appellant.

W. L. Symons, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is a trade-mark cancellation proceeding, brought by appellant company, to secure the cancellation of the registration of the word "CHOCO" as a trade-mark for nonalcoholic, maltless, carbonated beverages, sold as soft drinks. The petitioner claims that it is damaged by use of the mark through confusion with its registered trade-mark "Choco-Sip."

Priority is conceded petitioner in the use of its mark. It is not denied that the goods of the respective parties are substantially identical. The only question for determination is whether or not the trade-marks are confusingly similar, within the meaning of the statute.

The Examiner of Interferences found that the marks were so similar as to be likely to lead to confusion, and directed the cancellation of appellee company's registration. This decision was reversed by the Commissioner of Patents, and from his decision this appeal was taken.

We find little difficulty in sustaining the decision of the Examiner. The suffix "Sip"

indicates a beverage, and the prefix "Choco" indicates the quality of beverage. The evidence discloses that "Choco-Sip" is frequently ordered by the name "Choco." We are not impressed with the contention that the hyphen marks in "CHOCO" distinguish the word either in pronunciation or appearance to the extent of removing the probability of confusion. The manner in which the word is written leave the hyphens obscure and unimportant factors in the make-up of the mark. As said by the Examiner: "Especially is this true when it is considered that the letter spacing in respondent's trade-mark is not substantially different from that of a word in which no hyphens appear."

In view of the evidence as to probable confusion, and also from the close similarity of the marks, we are convinced that the conclusion reached by the Commissioner is erroneous.

The decision of the Commissioner is reversed.